



**Entered on Docket**
**March 09, 2010**

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Alfredo Pantoja-Garcia,<br>　　　　　Debtor. | Case No. 09-33057-mkn<br><br>Chapter 13<br><br>Hearing Date:  January 28, 2010<br>Hearing Time: 2:30 P.M. |

### ORDER GRANTING MOTION TO VALUE COLLATERAL, "STRIP OFF", "CRAM DOWN" AND MODIFY RIGHTS OF LENDER

Upon the motion (the "**Motion**") of Alfredo Pantoja-Garcia, the Debtor in the above-captioned proceeding (the "**Debtor**"), for his investment property located at 2404 Pardee Place, Las Vegas, Nevada 89104 ("**Property**"), requesting entry of an order to Value Collateral, "Strip Off", "Cram Down" and Modify Rights of America's Servicing Company. ("**America's Servicing**") and Saxon Mortgage Services ("**Saxon**") pursuant to 11 U.S.C. § 506(a) and § 1322[1] and due notice of the Motion and the hearing of the Motion having been given to all parties entitled thereto; and a hearing having been held before this Court on January 28, 2010 (the "**Hearing**"), to consider approval of the Motion, at which time all parties in interest were afforded an opportunity to be heard; and the Court finding that the property has a value of $65,000.00; and because there are no objections to the Motion having been filed; it is hereby:

**ORDERED** that the Motion is **GRANTED**; it is further

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

1

**ORDERED** that America's Servicing secured First Lien claims are only partially secured and thus must be bifurcated into secured and unsecured claims as follows: $65,000.00 and $126,993.00 respectively; and it is further

**ORDERED** that Saxon's secured Second Lien claims are "Stripped Off" and shall be treated "general unsecured claims" pursuant to 11 U.S.C. Section 506(a); and it is further

**ORDERD** that Saxon's Second Lien claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan; and it is further

**ORDERED** that Saxon's secured rights and/or lien-holder rights in the Property are hereby terminated; and it is further

**ORDERED** that the Debtor must complete the Chapter 13 plan and receive a discharge or the liens may be reinstated; and it is further

**ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall be effective and enforceable immediately upon entry.

Submitted by:
The Schwartz Law Firm, Inc.

By /s/ Sean McClenahan
Sean McClenahan #10141
Attorneys for Debtor

2

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

__ The court has waived the requirement of approval under LR 9021.

_x_ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy if this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

__ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

__ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.


      APPROVED:

      DISAPPROVED:

      FAILED TO RESPOND: Kathleen A. Leavitt